IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 17-318 |
| ALBERTO CRUZ-GONZALEZ | : | |

GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its undersigned attorneys, Louis D. Lappen, Acting United States Attorney for the Eastern District of Pennsylvania, and Eric L. Gibson, Assistant United States Attorney, files this Memorandum in aid of sentencing, scheduled for September 5, 2017.

**I.      INTRODUCTION**

On June 15, 2017, defendant Alberto Cruz-Gonzalez was charged by Indictment with one count of reentry after deportation, in violation of 8 U.S.C. § 1326(a). The defendant, a native and citizen of Mexico, has been deported from the United States on multiple occasions, including: 1) November 17, 2015; 2) November 22, 2015; 3) March 6, 2016; 4) April 4, 2016; and, 5) June 2, 2016. On or about May 11, 2017, the defendant was found in the United States by the Pennsylvania State Police. ICE officials were notified and, after confirming Cruz-Gonzalez's identity through fingerprints, ICE lodged a detainer. ICE officials took Cruz-Gonzalez into custody that same day after determining that the defendant had knowingly and unlawfully reentered the United States without first applying for admission to the Attorney General of the United States or her successor, the Secretary for the Department of Homeland

1

Security.  Defendant Cruz-Gonazalez entered a plea of guilty to the Indictment on July 20, 2017.  There is no plea agreement.

**II.     MAXIMUM PENALTY**

The statutory maximum penalty for a violation of 8 U.S.C. § 1326(a) is two years incarceration, a $250,000 fine, and a $100 special assessment.

**III.    FACTUAL BACKGROUND**

On November 16, 2015, a United States Border Patrol Agent encountered Cruz-Gonzalez near Naco, AZ.  Cruz-Gonzalez admitted that he was in the United States illegally.  The agent arrested Cruz-Gonzalez and transported him to the Brian A. Terry Border Patrol Station for processing.  Record checks through CIS confirmed that Cruz-Gonzalez did not have any legal documents to enter, pass through or remain in the United States.  Border Patrol Agents initiated expedited removal proceedings, and served Cruz-Gonzalez with a Notice and Order of Expedited Removal.

On November 17, 2015, Cruz-Gonzalez was removed "afoot" from the United States to Mexico for the first time via the International Bridge in Del Rio, TX.  Immigration officials executed a Form I-296, Notice to Alien Ordered Removed/Departure Verification, in connection with the defendant's deportation and it contains the defendant's name, signature, photograph, alien number, and fingerprint.  The I-296 also contains the warning that he was prohibited from entering, attempting to enter or being in the United States for a period of 5 years following his removal.  The form also advised him that he was required to request and obtain permission from the Secretary of Homeland Security to reapply for admission to the United States following his deportation and that illegal re-entry was a crime under 8 U.S.C. §1326 and punishable by two

to twenty years' imprisonment. The I-296 is also signed by the immigration officials who served these warnings, who fingerprinted Cruz- Gonzalez and who witnessed the departure.

On November 20, 2015, a United States Border Patrol Agent again encountered Cruz-Gonzalez near Naco, AZ. Cruz-Gonzalez admitted in the field that he was in the United States illegally. The agent arrested Cruz-Gonzalez and transported him to the Brian A. Terry Border Patrol Station for processing. Record checks through CIS, NCIC, TECS and EARM confirmed that Cruz-Gonzalez was a citizen of Mexico who did not have any legal documents to enter, pass through or remain in the United States. On November 21, 2015, agents read Cruz-Gonzalez his Miranda rights and he agreed to waive them. In a Record of Sworn Statement in Affidavit Form, he stated that his true and correct name was Alberto Cruz-Gonzalez and that he was a native and citizen of Mexico. He also admitted that he was previously removed from the United States and that he last entered the United States on November 20, 2015. Finally, he admitted that he did not apply to the Attorney General for permission to re-enter the United States. His prior order of removal was reinstated.

On November 22, 2015, Cruz-Gonzalez was removed "afoot" from the United States to Mexico for the second time via the International Bridge at the Del Rio, TX port of entry. Immigration officials executed a Form I-205, Warrant of Deportation/Removal, in connection with the defendant's deportation and it contains the defendant's name, signature, photograph, alien number, and fingerprint. The I-205 is also signed by the immigration officials who fingerprinted Cruz-Gonzalez and who witnessed the departure. Prior to his removal, immigration officials served Cruz-Gonzalez with an I-294, Warning to Alien Ordered Removed or Deported, dated November 21, 2015, which warned him that he was prohibited from entering,

attempting to enter or being in the United States for a period of 20 years following his removal. The form also advised him that he was required to request and obtain permission from the Secretary of Homeland Security to reapply for admission to the United States following his deportation and that illegal re-entry was a crime under 8 U.S.C. §1326 and punishable by two to twenty years' imprisonment. The I-294 is signed by the immigration official who served the warning.

On March 4, 2016, a United States Border Patrol Agent encountered Cruz-Gonzalez near Roma, TX and determined that he was an alien who illegally entered the United States from Mexico. The agent arrested Cruz-Gonzalez and transported him to the McAllen Border Patrol Station for processing. On March 5, 2016, agents read Cruz-Gonzalez his Miranda rights and he agreed to waive them. In a Record of Sworn Statement in Affidavit Form, he stated that his true and correct name was Alberto Cruz-Gonzalez and that he was a native and citizen of Mexico. He also admitted that he was previously removed from the United States and that he last entered the United States on March 4, 2016 by swimming across the Rio Grande River. Finally, he admitted that he did not apply to the Attorney General for permission to re-enter the United States. His prior order of removal was reinstated.

On March 6, 2016, Cruz-Gonzalez was removed "afoot" from the United States to Mexico for the third time via the Hidalgo, TX port of entry. Immigration officials executed a Form I-205, Warrant of Deportation/Removal, in connection with the defendant's deportation and it contains the defendant's name, signature, photograph, alien number, and fingerprint. The I-205 is also signed by the immigration officials who fingerprinted Cruz-Gonzalez and who witnessed the departure. Prior to his removal, immigration officials served Cruz-Gonzalez with

an I-294, Warning to Alien Ordered Removed or Deported, dated March 5, 2016, which warned him that he was prohibited from entering, attempting to enter or being in the United States for a period of 20 years following his removal. The form also advised him that he was required to request and obtain permission from the Secretary of Homeland Security to reapply for admission to the United States following his deportation and that illegal re-entry was a crime under 8 U.S.C. §1326 and punishable by two to twenty years' imprisonment. The I-294 is signed by the immigration official who served the warning.

On April 2, 2016, a United States Border Patrol Agent encountered Cruz-Gonzalez near La Gloria, TX and determined that he was an alien who illegally entered the United States from Mexico. The agent arrested Cruz-Gonzalez and transported him to the McAllen Border Patrol Station for processing. On April 3, 2016, agents read Cruz-Gonzalez his Miranda rights and he agreed to waive them. In a Record of Sworn Statement in Affidavit Form, he stated that his true and correct name was Alberto Cruz-Gonzalez and that he was a native and citizen of Mexico. He also admitted that he was previously removed from the United States and that he last entered the United States on March 22, 2016 by rafting across the Rio Grande River. Finally, he admitted that he did not apply to the Attorney General for permission to re-enter the United States. His prior order of removal was reinstated.

On April 4, 2016, Cruz-Gonzalez was removed "afoot" from the United States to Mexico for the fourth time via the Hidalgo, TX port of entry. Immigration officials executed a Form I-205, Warrant of Deportation/Removal, in connection with the defendant's deportation and it contains the defendant's name, signature, photograph, alien number, and fingerprint. The I-205 is also signed by the immigration officials who fingerprinted Cruz-Gonzalez and who witnessed

the departure. Prior to his removal, immigration officials served Cruz-Gonzalez with an I-294, Warning to Alien Ordered Removed or Deported, dated April 3, 2016, which warned him that he was prohibited from entering, attempting to enter or being in the United States for a period of 20 years following his removal. The form also advised him that he was required to request and obtain permission from the Secretary of Homeland Security to reapply for admission to the United States following his deportation and that illegal re-entry was a crime under 8 U.S.C. §1326 and punishable by two to twenty years' imprisonment. The I-294 is signed by the immigration official who served the warning.

On June 1, 2016, United States Border Patrol Agents encountered Cruz-Gonzalez near Elgin, AZ. In the field, Cruz-Gonzalez admitted that he was a citizen of Mexico who was no in possession of any document that allowed him to enter, pass through or remain in the United States. The agents arrested Cruz-Gonzalez and transported him to the Sonoita Border Patrol Station for processing. Agents read Cruz-Gonzalez his Miranda rights and he refused to make a statement. His prior order of removal was reinstated.

On June 2, 2016, Cruz-Gonzalez was removed "afoot" from the United States to Mexico for the fifth time via the Calexico, CA port of entry. Immigration officials executed a Form I-205, Warrant of Deportation/Removal, in connection with the defendant's deportation and it contains the defendant's name, signature, photograph, alien number, and fingerprint. The I-205 is also signed by the immigration officials who fingerprinted Cruz-Gonzalez and who witnessed the departure. Prior to his removal, immigration officials served Cruz-Gonzalez with an I-294, Warning to Alien Ordered Removed or Deported, dated June 1, 2016, which warned him that he was prohibited from entering, attempting to enter or being in the United States for a period of 20

years following his removal. The form also advised him that he was required to request and obtain permission from the Secretary of Homeland Security to reapply for admission to the United States following his deportation and that illegal re-entry was a crime under 8 U.S.C. §1326 and punishable by two to twenty years' imprisonment. The I-294 is signed by the immigration official who served the warning. His prior order of removal was reinstated.

On May 11, 2017, Cruz-Gonzalez was arrested by Pennsylvania State Police and charged with DUI. ICE officials were notified and, after confirming Cruz-Gonzalez's identity through fingerprints, lodged a detainer. ICE officials took Cruz-Gonzalez into custody that same day and transported him to the Philadelphia ICE-ERO field office for processing. Deportation Officer Smith read Cruz-Gonzalez his Miranda rights and he agreed to waive them by signing the Statement of Rights/Waiver in both the English and Spanish languages. The interview was conducted in Spanish. In a Record of Sworn Statement in Administrative Proceedings, he stated that his true and correct name was Alberto Cruz-Gonzalez. He also stated that he was a native and citizen of Mexico. His parents are also citizens of Mexico. He admitted that he was last deported from the United States in 2016 and that he entered the United States "afoot" from Mexico in October of 2016 without inspection and admission. He stated that he had no document that permitted him to legally reside in the United States. Finally, he admitted that he did not obtain permission from the Secretary of Homeland Security or Attorney General to re-enter the United States after his deportation. On May 11, 2017, ICE officials reinstated his prior order of removal.

## IV. BACKGROUND OF THE DEFENDANT

Cruz-Gonzalez is approximately 29 years old (DOB: 5/5/1988) and is a native and citizen of Mexico. His last known address in the United States is 203 Chatham Street, Avondale, PA, 19311. He claims that he not married, but has a son. He has neither attended school in the United States nor served in the United States military. As noted above, the defendant was previously deported on five separate occasions.

## V. SENTENCING GUIDELINES

Cruz-Gonzalez does not have any conviction that occurred prior to his removal that would result in an enhancement. The base offense is 8. U.S.S.G. §2L1.2(a). With a two-point reduction for acceptance of responsibility, the total offense level is 6 with a corresponding guideline rage of 0-6 months.

## VI. SENTENCING CONSIDERATIONS AND RECOMMENDATION

The parties agree with the calculation set forth in the Presentence Investigation Report. A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) calls for a sentence within the advisory guideline range. The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 128 S. Ct. 586, 596 (2007). Thus, the Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.

This Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the

seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.   18 U.S.C. § 3553(a).

No factors have been identified, nor is the government aware of any that would warrant a departure from the advisory guideline range.

## VII.   CONCLUSION

The government respectfully recommends a sentence of incarceration within the advisory guideline rage of 0-6 months.   The government is not seeking a period of supervised released.

Respectfully submitted,

LOUIS LAPPEN
Acting United States Attorney


  /s/ Eric L. Gibson
ERIC L. GIBSON
Assistant United States Attorney

Dated:   August 31, 2017

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Sentencing Memorandum has been served by hand delivery upon the following:

        Maria Pedraza, Esquire, Esquire
        Federal Community Defender Office
        Suite 540 West, Curtis Center
        Independence Square West
        Philadelphia, PA 19106


        /s/ Eric L. Gibson
        ERIC L. GIBSON
        Assistant United States Attorney


Dated: August 31, 2017